**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DAVID & STEPHANIE FOWLER** | * | **DOCKET NO.** |
| | * | **HURRICANE CASE** |
| | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | |
| **STATE FARM FIRE AND CASUALTY** | * | **MAGISTRATE JUDGE:** |
| **COMPANY** | * | |

**<u>NOTICE OF REMOVAL</u>**

Defendant State Farm Fire and Casualty Company (hereinafter "State Farm"), appearing through undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 22nd Judicial District Court, Parish of Saint Tammany, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I. PROCEDURAL HISTORY**

1.

Plaintiffs, David & Stephanie Fowler ("Plaintiffs"), filed this lawsuit in the 22nd Judicial District Court, Parish of Saint Tammany for the State of Louisiana, against State Farm Fire and Casualty Company, on July 28, 2023. The case was captioned "*David & Stephanie Fowler v. State Farm Fire and Casualty Company*" Docket No. 202313277 Division C (*See* Petition for Damages, Citation and Proof of Service upon State Farm through the La. Secretary of State on July 17, 2023, Mailing of Petition by Secretary of State-to-State Farm through Corporation Service Company on July 18, 2023, Receipt by Corporation Service Company of Petition from La. Secretary of State on July 19, 2023, attached hereto and marked for identification as "Exh. A" PAGE 1 -40).

1

2.

The petition alleges that State Farm "provided a policy of insurance, bearing Policy Number 18BBL8172, to Plaintiffs which was in full force and effect, and which covered the Property at issue and the contents therein against perils including hurricanes, wind, hail, and/or water." (Exh. A. at p.5 ¶5).  The petition alleges that "Hurricane Ida damaged the exterior, interior, and roof of the Property, allowing water to infiltrate the interior as a direct result of that damage and otherwise causing significant damage to and throughout the Property which was covered under the Policy." (Exh. A. at p.5 ¶7).  The petition alleges that "the Property and contents therein were significantly damaged by and suffered a diminution in value as a result of Hurricane Ida." (Exh. A. at p.5 ¶7).  The petition alleges that "Plaintiffs sent a demand for the release of unconditional tenders regarding damage to Plaintiff's dwelling/structure, other structures, personal property/content damage, and/or additional living expenses/loss of use to Defendant, along with supporting documentation, demonstrating the losses outlined herein" (Exh. A. at p.6 ¶15).  On or about March 10, 2022, Plaintiffs' adjuster, Exact Building Consultants, Inc., prepared an estimate for alleged damages to the property as a result of Hurricane Ida for $84,398.08 in damages to the dwelling.  (*See* Exact Building Consultants, Inc. estimate dated March 10, 2022, attached hereto and marked for identification as "Exh. B" PAGES 1-6).  The petition alleges that State Farm is liable for "a) diminution of the value of the property; b) underpayment and/or delayed payment of covered damages/repair costs; c) actual repair costs, temporary repair costs, as well as, increased repair costs; d) loss of use and/or additional living expenses; e) personal property damage; f) penalties delineated in La. R.S. 22:189 and 22:1973; g) mental anguish and/or inconvenience; h) attorneys' fees, other professional fees, and litigation costs associated with the bringing of this

action; i) other general, special, and/or consequential damages; and j) any and all other damages that are shown through discovery and/or proven at the trial of this matter." (Exh. A. at p.10 ¶41).

3.

State Farm removes this action from the 22nd Judicial District, Parish of Saint Tammany to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF INTEREST AND COSTS AND THE PARTIES ARE DIVERSE IN CITIZENSHIP

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."

5.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

6.

On or about March 10, 2022, Plaintiffs' adjuster, Exact Building Consultants, Inc., prepared an estimate for alleged damages to the property as a result of Hurricane Ida for $84,398.08 in damages to the dwelling.  (*See* Exact Building Consultants, Inc. estimate dated March 10, 2022, attached hereto and marked for identification as "Exh. B" PAGES 1-6).

7.

Further, in their Petition, Plaintiffs claim that they are entitled to statutory penalties on the amount not paid, as well as attorney fees and other damages under La. R.S. 22:1892 and 22:1973. (See Exh. A at p. 10 ¶41).  It is well-settled that statutory penalties can be used as support that the jurisdictional amount has been exceeded. *Lapeyrouse v. State Farm Fire & Cas. Co.*, No. 14-52, 2014 WL 4373273, at *3 (M.D. La. Sept. 3, 2014)(citing *Fortier v. State Farm Fire & Cas. Co.*, 2007 WL 678990, at *2 (E.D. La. Feb. 28, 2007)). Courts have specifically cited claims under La. R.S. 22:1892 as appropriate to use in calculating the jurisdictional amount. *Easley v. Republic Fire and Casualty Insurance Company,* 2020 WL 7344614, (M.D.La. Nov. 4,2020). The 50% statutory penalty sought under La. R.S. 22:1892 by the Plaintiffs could amount to $42,199.04 based on the estimate from Exact Building Consultants, Inc. submitted by Plaintiffs. Without even considering attorney's fees, this combination of the Exact Building Consultants, Inc. estimate and possible penalties amount to $126,597.48, an amount which in itself far exceeds the sum of $75,000.00.

8.

The allegations contained within Plaintiffs' petition and Plaintiffs' adjuster's estimate can be considered by this court in support of State Farm's burden of proof to show by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional amount.  Judges within Louisiana federal courts have "[p]reviously held that the amount sought in a pre-removal

4

settlement demand letter is "valuable evidence to indicate the amount in controversy at the time of removal.'" *Richard v. Starr Indemnity and Liability Co.*, 16-663, 2016 WL 11264643 *3 (M.D. 12/29/206) (Bourgeois, M.J.) unpublished *Citing to Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995). "It can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of plaintiff's claims." *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (Noland, M.J.). *See also Wilson v. Berlin*, 20 F.3d 644,651 n.8 (5th Cir. 1994) (Removal was proper because plaintiff's counsel had sent defendants a letter "stating that the amount in controversy exceed $50,000, the minimum amount at that time required for diversity cases); *Addo v. Global Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (holding that a demand letter can serve as an 'other paper from which it may be first ascertained that the case is one which is or has become removable" for the purpose of determining whether removal is timely under 28 U.S.C. §1446 (b)).

9.

In their petition, Plaintiffs allege damages in all the categories outlined in the Exact Building Consultants, INC. estimate.    Plaintiff's Exact Building Consultants, Inc. estimate assessing the value of their claims as of March 10, 2022, when considered the allegations contained in the lawsuit, demonstrates that the amount in controversy exceeds $75,000 exclusive of interests and costs.

10.

State Farm is a foreign insurance corporation incorporated on June 12, 1935, in the State of Illinois. State Farm has its principal place of business in Bloomington, Illinois. State Farm is a

citizen of the State of Illinois. Plaintiffs are residents of and domiciled in Saint Tammany Parish in the State of Louisiana and citizens of Louisiana. The parties are diverse in citizenship.

11.

While State Farm admits no liability nor any element of damages, it is apparent from the facts set forth in this notice of removal that the matter in controversy exceeds $75,000. State Farm has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

**III.    STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

12.

State Farm was served with the petition through its statutory agent for Service of Process, the Louisiana Secretary of State on July 17, 2023 (See Exh. A Service Return).  The Secretary of State forwarded the petition to State Farm on July 18, 2023. (See Exh. A. Letter from Secretary of State). The CSC received service of the pleading on behalf of State Farm on July 19, 2023. "[C]ourts in the Fifth Circuit have held that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent." *Brown v. S.L. Netterville Logging, Inc.* 09-200, 2009 WL 1875755 (M.D. La. June 26, 2009) (Brady, J., Riedlinger, M.J.) (unpublished) citing to *Manuel v. Unum Life Ins. Co. of America*, 932 F. Supp. 784 (W.D. La. 1996) (30-day period for removal did not commence upon service of Secretary of State, but upon insurer's actual receipt of copy of that pleading); *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, 2008 WL 783592 (E. D. La. March 25, 2008) (general rule is that 30-day clock does not begin to run when a statutory agent such as

the secretary of state is served, but begins to run when defendant or someone serving as defendant's agent in fact receives process); (other citations in footnote omitted).

13.

This Notice of Removal is filed within thirty (30) days after service of the petition on State Farm through its agent CSC on July 19, 2023.

14.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

15.

The 22nd Judicial District Court for the Parish of Saint Tammany, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

16.

No previous application has been made by State Farm for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by State Farm to date, are attached hereto as Exhibit A, Bates Stamped EXHIBIT A PAGE 1 – 40.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon John S. Alford and Blair B. Alford, Counsel for Plaintiffs David & Stephanie Fowler, and the Clerk of Court for the 22nd Judicial District Court, Parish of Saint Tammany, State of Louisiana.  No other process, pleadings, or orders have been served upon State Farm.

## IV.   CONCLUSION

17.

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, State Farm, has complied with, this cause of action is removable to the United States District Court for the Eastern District of Louisiana.

18.

State Farm reserves the right to supplement or amend this Notice of Removal.

19.

State Farm reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to State Farm.

20.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully submitted,


_/s/Samuel P. Baumgartner_
**SAMUEL P. BAUMGARTNER (35436)**
**DAVID J CREIGHTON (35461)**
Porteous, Hainkel & Johnson L.L.P.
408 N. Columbia Street
Covington, LA  70433-2920
Telephone:  (985) 893-4790
Direct Line:  (985) 246-7460
Direct Fax:  (985) 246-7461
Email:  sbaumgartner@phjlaw.com
***Counsel for Defendant State Farm Fire and Casualty Company***


## CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that on this 16th day of August 2023 a copy of the foregoing Notice of Removal has been sent to the following:


**Counsel for Plaintiffs David & Stephanie Fowler (Via Email)**
John S. Alford
Blair B. Alford
604 E. Rutland Street
Covington, LA 70433
T: (985) 273-5996
F: (337) 233-2353
E: john@bdm.law
AND
Saint Tammany Parish Clerk of Court -efile
Hon. Melissa R. Henry
701 N. Columbia Street
Covington, LA 70433


_/s/Samuel P. Baumgartner_
**SAMUEL P. BAUMGARTNER**


9